**The below described is SIGNED.**

**Dated: May 24, 2011**

_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**

_____

Danny C. Kelly (1788)
Bentley R. Peay (11745)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone: (801) 578-6979
Facsimile: (801) 578-6999
dckelly@stoel.com
brpeay@stoel.com

Counsel for Debtors

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br>J&K WRIGHT FAMILY LIMITED PARTNERSHIP, a Utah limited partnership, et al.,<br><br>            Debtors. | Case No. 10-36784<br><br>Jointly Administered with<br>Case Nos. 10-36787 and 10-36790<br><br>Chapter 11<br><br>Judge William T. Thurman<br>[Filed Electronically] |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION DATED MAY 11, 2011

WHEREAS, J&K Wright Family Limited Partnership ("J&K"); Carlton Hotel

LLC ("Carlton"); and Cedar City Inn LLC ("Cedar City Inn"), debtors in the above-captioned

70701711.1 0062009- 00009

**Filed: 05/24/11**

cases (collectively, the "Debtors") filed the "Debtors' Second Amended Joint Plan of Reorganization Dated May 11, 2011" [Dkt. No. 68] (the "Plan") and the "Amended Disclosure Statement to Accompany Debtors' Second Amended Joint Plan of Reorganization Dated May 11, 2011" [Dkt. No. 70] (the "Disclosure Statement");[1] and

WHEREAS, on May 11, 2011, the Court entered an Order (the "Solicitation Order") that, among other things, (a) approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code and for use in soliciting votes on the Plan, (b) approved the form of Ballot for voting on the Plan, (c) scheduled a hearing on the confirmation of the Plan (the "Confirmation Hearing) for Tuesday, May 24, 2011 at 10:00 a.m. MDT and reduced the notice period for the Confirmation Hearing from 28 days to 12 days, (d) established 12:00 p.m. on Monday, May 23, 2011 as the deadline to object to the Plan (the "Objection Deadline") and to vote to accept or reject the Plan (the "Voting Deadline"), (e) approved the solicitation and voting procedures for the Plan, and (f) provided notice of the Confirmation Hearing, Objection Deadline and Voting Deadline (the "Confirmation Hearing Notice");

WHEREAS, "Solicitation Packages" consisting of (a) the Solicitation Order, (b) Confirmation Hearing Notice, (c) the Plan, (d) the Disclosure Statement, and (e) with respect to those creditors in classes entitled to vote under the Plan, a ballot (a "Ballot"), were transmitted as set forth in the Certificates of Service filed on May 13, 2011 [Dkt. Nos. 73 & 74] (the "Certificates of Service");

WHEREAS, on May 23, 2011, the Debtors filed a memorandum of law in support of confirmation of the Plan [Dkt. No. 78] (the "Confirmation Memorandum");

WHEREAS, on May 23, 2011, the Debtors filed the declaration of Bentley R. Peay [Dkt. No. 80] (the "Peay Declaration") attesting and certifying the method and results of the ballot tabulation for the Classes of Claims (Classes 2, 3, and 4), entitled to vote to accept or

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan.

reject the Plan and the Declaration of James D. Wright [Dkt. No. 79] (the "Wright Declaration, and together with the Peay Declaration, the "Declarations") as evidence in support of the Confirmation Memorandum; and

WHEREAS, no objections to confirmation of the Plan were filed with the Court as of the Objection Deadline;

WHEREAS, the Confirmation Hearing was held on May 24, 2011, at which time evidence was presented and arguments were made; and

WHEREAS, the Court takes judicial notice of the docket of the Cases maintained by the Clerk of this Court including, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of the Cases.

NOW, THEREFORE, based on the foregoing and upon the Court's review of the the Confirmation Memorandum, the Plan, the Declarations; and upon (a) all the evidence proffered and/or adduced at, memoranda filed in connection with, and arguments of counsel made at, the Confirmation Hearing, (b) the entire record of these Cases, and (c) the applicable law, and after due deliberation thereon and good cause appearing therefor the Court concurrently enters herewith its "Order Confirming Debtors' Second Amended Joint Plan of Reorganization Dated May 11, 2011" (the "Confirmation Order"). In support of the Confirmation Order, the Court hereby enters the following Findings of Fact and Conclusions of Law, as supplemented by any findings of fact and conclusions of law stated orally and reported in open court on the record at the Confirmation Hearing, which are incorporated herein (the "Findings"), pursuant to Bankruptcy Rules 7052 and 9014:[2]

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A. This Court has jurisdiction over the Cases pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28

---

[2] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, when appropriate.

of the United States Code.  Confirmation of the Plan is a core proceeding pursuant to section 157(b)(2)(L) of title 28 of the United States Code, and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

  B. There have been no objections filed to confirmation of the Plan.

  C. The Plan and Disclosure Statement, the Ballots, the Solicitation Order, and the Confirmation Hearing Notice were transmitted and served in compliance with the Solicitation Order, the applicable Bankruptcy Code sections and Bankruptcy Rules, and such transmittal and service were adequate and sufficient, and no other or further notice is or shall be required.

  D. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and all other applicable laws, rules, regulations and industry practice.  All Persons, including the Debtors, have acted in good faith with respect to the solicitation of votes on the Plan and thus are entitled to the protections of Bankruptcy Code section 1125(e).

  E. The Debtors have met the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of evidence.

  F. **11 U.S.C. § 1129(a).**  The Debtors have met their burden of establishing that the Plan satisfies all of the requirements of the Bankruptcy Code section 1129(a) as follows:

    1. **11 U.S.C. § 1129(a)(1).**  The Plan complies with the applicable provisions of the Bankruptcy Code, including Bankruptcy Code sections 1122 and 1123, thereby satisfying section 1129(a)(l) of the Bankruptcy Code.  The Plan complies with each of the applicable provisions of Bankruptcy Code sections 1122 and 1123 as follows:

     (a) <u>Section 1122(a).</u>  The Plan designates 5 Classes of Claims or Equity Interests.  The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in each such Class.

     (b) <u>Section 1122(b).</u>  Class 1 separately classifies for administrative convenience all Administrative Convenience Claims.  Separate classification of the

Administrative Convenience Claims is in compliance with section 1122(b), and the convenience claim election is reasonable and necessary for administrative convenience.

(c) <u>11 U.S.C. § 1123(a)(1)-(4).</u> The Plan designates Classes of Claims and Equity Interests, specifies any Class of Claims and Equity Interests that is not impaired under the Plan, specifies the treatment of all impaired Classes, and provides the same treatment for each Claim or Equity Interest within each Class.

(d) <u>11 U.S.C. § 1123(a)(5).</u> Article VII of the Plan and various other provisions of the Plan provide adequate and proper means for the Plan's implementation.

(e) <u>11 U.S.C. § 1123(a)(7).</u> Section 4.5 of the Plan states that the current management and ownership of the Debtors will remain the same, which structure is consistent with the interests of creditors, equity security holders, and public policy.

(f) <u>11 U.S.C. § 1123(b)(1).</u> The Plan impairs or leaves unimpaired Classes of Claims or Equity Interests.

(g) <u>11 U.S.C. § 1123(b)(2).</u> The Plan provides for the assumption, rejection and assignment of executory contracts and unexpired leases, and the assumption, rejection and assignment of such executory contracts and unexpired leases is proper and appropriate under section 365 of the Bankruptcy Code.

(h) <u>11 U.S.C. § 1123(b)(3).</u> The Plan appropriately provides for the settlement and/or adjustment of Claims belonging to the Debtors and for the Debtors retention of rights to resolve all Disputed Claims.

(i) <u>11 U.S.C. § 1123(b)(6).</u> The provisions of the Plan are appropriate and not inconsistent with applicable law.

2. **<u>11 U.S.C. § 1129(a)(2)</u>.** The Debtors have complied with all of the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically:

(a) The Debtors are qualified to be chapter 11 debtors under section 109 of the Bankruptcy Code.

    (b) The Debtors have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of this Court.

    (c) The Debtors have complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

  3. **11 U.S.C. § 1129(a)(3).**  The Debtors have proposed the Plan in good faith and not by any means forbidden by law.  The Debtors' good faith is evident from the facts and records of these Cases, the Disclosure Statement and the hearing thereon, and the record of the Confirmation Hearing and other proceedings held in these Cases.  The Plan is the product of significant and arms' length negotiations by and between the Debtors and Zions First National Bank, and other parties of interest, and was proposed with the legitimate and honest purpose of effectuating a successful reorganization of the Debtors.

  4. **11 U.S.C. § 1129(a)(4).**  Any payment made or to be made by any of the Debtors for services or for costs and expenses in or in connection with the Cases, or in connection with the Plan and incident to the Cases, has been approved by, or is subject to the approval of, this Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

  5. **11 U.S.C. § 1129(a)(5).**  The management and ownership structure of the Debtors disclosed in the Disclosure Statement are sufficient to satisfy this section of the Bankruptcy Code.

  6. **11 U.S.C. § 1129(a)(6).**  The Plan does not provide for any changes in rates established or approved by, or otherwise subject to, any governmental regulatory commission.  Thus, this section of the Bankruptcy Code is not applicable in these Cases.

  7. **11 U.S.C. § 1129(a)(7).**  The liquidation analyses provided in the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish

that each Holder of a Claim or Equity Interest in an impaired Class either (i) has accepted the Plan, or (ii) will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

8.   **11 U.S.C. § 1129(a)(8)**.  Each Class of Claims or Equity Interests (a) has accepted the Plan, or (b) is not impaired under the Plan and therefore conclusively presumed to have accepted the Plan.

9.   **11 U.S.C. § 1129(a)(9).**  The treatment of Administrative Expense Claims, under the Plan satisfies the requirements of this section of the Bankruptcy Code.

10.  **11 U.S.C. § 1129(a)(10).**  At least one Class of Claims that is impaired under the Plan has accepted the Plan, determined without including acceptance of the Plan by any insider.

11.  **11 U.S.C. § 1129(a)(11).**  The evidence proffered, adduced, or presented at the Confirmation Hearing (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor.

12.  **11 U.S.C. § 1129(a)(12).**  All fees payable under section 1930 of title 28 of the United States Code, as determined by this Court, have been paid or will be paid pursuant to the Plan.

13.  **11 U.S.C. § 1129(a)(13).**  The Debtors are not subject to any retiree benefits as defined in Bankruptcy Code section 1114.

14.  **11 U.S.C. § 1129(a)(14).**  The requirements of this section of the Bankruptcy Code, which mandate the payment of domestic support obligations, are inapplicable to these business Debtors.

15. **11 U.S.C. § 1129(a)(15).** The requirements of this section of Bankruptcy Code, which apply only to cases where the debtor is an individual, are inapplicable to these business Debtors.

16. **11 U.S.C. § 1129(a)(16).** The requirements of this section of the Bankruptcy Code, which only apply to "the transfer of property by a corporation or trust that is not a moneyed business, or commercial corporation or trust[,]" are inapplicable because each of the Debtors is a moneyed business or commercial corporation.

G. **11 U.S.C. § 1129(b).** Debtors have met their burden of establishing that the Plan satisfies Bankruptcy Code section 1129(b) as all Classes impaired under the Plan have voted to accept the Plan and, in any event, based upon the evidence proffered, adduced, or presented by the Debtors at the Confirmation Hearing, the Plan is "fair and equitable."

H. There has been no request by a governmental unit that the Plan not be confirmed because the principal purpose of the Plan is the avoidance of taxes or avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

I. All of the conditions precedent to confirmation of the Plan described in Article X of the Plan have been satisfied.

J. Based on the uncontroverted, persuasive and credible evidence, the agreements, transactions and transfers authorized herein and by the Confirmation Order are fair, equitable and reasonable, are entered into in good faith, are in the best interests of the Debtors and their creditors, and provide adequate means for implementing the Plan.

K. As set forth in Section 9.3 of the Plan, the Debtors are entitled to a discharge under section 1141(d) of the Bankruptcy Code, and as of the Effective Date of the Plan, the injunction set forth in section 1141(c) of the Bankruptcy Code shall apply.

L. The Court's retention of jurisdiction as set forth in Article XI of the Plan is appropriate and comports with the parameters set forth in section 1142 of the Bankruptcy Code and section 157 of title 28 of the United States Code.

M. Based on the foregoing, the Plan shall be confirmed, and the Court shall enter the

Confirmation Order, because the Debtors have met their burden of showing that the requirements of section 1129 of the Bankruptcy Code have been satisfied.

N. The provisions of the Plan, including all documents incorporated as part of the Plan, these Finding and the Confirmation Order shall bind all parties bound to the confirmed Plan pursuant to section 1141 of the Bankruptcy Code.

O. All modifications to the Plan or to documents incorporated as part of the Plan, if any, announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by the affected constituents or which do not adversely affect or change the treatment of any other Claims or Equity Interests. Accordingly, pursuant to Bankruptcy Rule 3019, these modifications, if any, do not require additional disclosure under Bankruptcy Code sections 1125 or 1127(a), or resolicitation of votes under Bankruptcy Code section 1126, nor do they require that Holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The Plan if so modified meets the requirements of Bankruptcy Code sections 1122 and 1123. Such modifications shall be deemed accepted by each Holder of a Claim or Equity Interest who has previously voted to accept the Plan.

P. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

Q. Entry of the Confirmation Order shall constitute approval by this Court of the Debtors' assumption of executory contracts as set forth in Section 6.1 of the Plan.

R. Unless otherwise provided by law, the reversal or modification of the Confirmation Order and these Findings on appeal shall not affect the validity of the Plan, or any agreement or action authorized by the Confirmation Order or under the Plan with respect to any entity acting in good faith, whether or not that entity knows of the appeal, unless the Confirmation Order is stayed pending appeal.

S. Based on the foregoing Findings of Fact and Conclusions of Law, the Debtors are entitled to entry of the Confirmation Order.

----------------------------------------------END OF DOCUMENT------------------------------------------